**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR264** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **CARLOS A. CAMARGO-SANCHEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court for initial review of the defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (§ 2255).  (Filing No. 87).

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.  If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.  Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

**FACTUAL BACKGROUND**

Defendant pleaded guilty to Count I of the Indictment charging him with conspiracy to distribute, and possess with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846.  (Filing No. 57).  The court sentenced defendant to 60 months in the custody of the Bureau of Prisons.  (Filing No. 79).  Defendant did not file a direct appeal.

In his § 2255 motion defendant contends that based on his status as a deportable alien his sentence will be served under circumstances that are more severe than those facing a United States citizen.  Specifically, defendant challenges his ineligibility for early release to a halfway house and rewards  which are offered for participation in the residential drug abuse program (DAP) under 18 U.S.C. § 3621.

## ANALYSIS

### Ineligibility for Early Release

In *United States v. Lopez-Salas,* 266 F.3d 842 (8th Cir. 2001), the Eighth Circuit held that it is within the Bureau of Prison's (BOP) discretion to categorically exclude inmates who have had INS detainers filed against them from eligibility for early release after completing a drug treatment program. *Id.* at  846.  The court reasoned that the BOP has categorically excluded from early release several groups of inmates who would otherwise be eligible under the statute.  Prisoners who have an INS detainer filed against them are only one group.  *Id.* at 848.

### Conditions of Confinement

Furthermore, with respect to defendant's challenge to his ineligibility for a minimum security facility, such as a half-way house, The Eighth Circuit held that the fact that a deportable alien may be subject to some increases in the severity of the conditions of confinement alone is not sufficient to make his case atypical or unusual.  *Id.* at 849. Therefore, "a departure on this basis is only appropriate in exceptional circumstances, such as where there is a substantial, undeserved increase in the severity of conditions of confinement."  *Id.*  Here, defendant's sentence does not rise to this level of severity.

2

Therefore, it appears plainly from the face of the § 2255 motion and the record that defendant is not entitled to relief.  The claims are denied.

IT IS ORDERED:

1. Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a person in Federal Custody" (Filing No. 87) is summarily dismissed;

2. A separate Judgment will be issued; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.


DATED this 16th day of November, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3